**ESTATE OF Irene H. Webster PIPPITT, Deceased, Respondent.**

**Cass County Genealogical Society, Inc., Appellant,**

v.

**Cass County Genealogical Society, Respondent.**

**No. WD 62276.**

Missouri Court of Appeals,
Western District.

March 16, 2004.

court gave a wrong or insufficient reason for it. *American Standard Ins. Co. v. Hargrave,* 34 S.W.3d 88, 92 (Mo. banc 2000).

**856**

Gabriel Andrew Domjan, Independence, for appellant Cass County Genealogical Society, Inc.

Elvin S. Douglas, Jr., Harrisonville, for respondent Irene H. Webster Pippitt, Deceased.

Lynn Ballew, Harrisonville, for respondent Cass County Genealogical Society.

Before RONALD R. HOLLIGER, Presiding Judge, ROBERT G. ULRICH, Judge, and JAMES M. SMART, JR., Judge.

## ORDER

The independent personal representative of Irene H. Webster Pippitt's estate petitioned the court to determine the identity of a beneficiary named in Mrs. Pippitt's will. Mrs. Pippitt bequeathed five percent of her estate to the Cass County Genealogical Society. At the time of her death on November 12, 2001, only one such society existed, and it operated in association with the Cass County Historical Society. Thereafter, two similar societies emerged. A majority of the members of the original Cass County Genealogical Society decided to incorporate and disassociate themselves from the Historical Society. This group is known as the Cass County Genealogical Society, Inc. ("CCGS, Inc."). Another similar society continued to exist, however, as a chapter of the Historical Society. This group is known as the Cass County Genealogical Society ("CCGS").

The trial court found that CCGS was the intended beneficiary because it was not a new organization but a continuation of the original Cass County Genealogical Society. Appellant argues that the trial court's finding was against the weight of the evidence.

We have reviewed the briefs of the parties and the record on appeal and do not find that the decision was against the weight of the evidence. A written opinion reciting the detailed facts and restating the applicable principles of law would have no precedential or jurisprudential value. The parties, however, have been furnished with a memorandum for their information only, setting forth the facts and reasons for this order.

The judgment of the court is affirmed in accordance with Rule 84.16(b).